■ Charles Kelsey, Jr., as Administrator of the Estate of Thomas J. Kelsey, Deceased, Respondent, v. Camp Jened Foundation, Inc., et al., Appellants, et al., Defendants.— *Per Curiam.* This is an appeal from an order, which reduced the amount of a judgment entered on the jury verdict, on the sole ground that the amount as reduced was excessive. The plaintiff has stipulated to accept the amount as ordered. The eight-year-old decedent, while attending a camp for the care of handicapped children, was drowned. The doctor, testifying for the plaintiff, stated that at the time he examined the decedent on March 27, 1961 he was given a history of "convulsions of three years' duration" which he diagnosed as "grand mal epilepsy". There was evidence that he had an I. Q. score of 84, considered low normal, and that he was known as a "stutterer". The doctor placed him on phenobarbital for the purpose of controlling the seizures and he testified that if the medicine were effective for two years it might be assumed that the patient was cured. His testimony as to the child's future was of necessity speculative but he did say that a person suffering from such disease might be able to do some work. The trial court in its decision stated that "The negligence of defendant, West,

was so gross as to make it clear that the jury's verdict was not solely compensatory, but was also partly punitive". In appraising the amount of the verdict, the court used as some guidance this court's recent decision in *Le Boeuf* v. *Newman* (21 A D 2d 937). The facts in that case, however, are drastically different. There, the boy was 17 years of age, a junior in high school, described as a leader and an athlete, who had worked at various jobs during the Summertime, earning as much as from $40 to $60 a week; but, in any event and as is well recognized, precedents are of little or no value in appraising damages for personal injuries. The circumstances here are most unfortunate. An analysis of the facts in this record does not justify pecuniary damages in the amount indicated by the trial court. The fact that the decedent was of tender age and suffering from a known affliction tends to make any monetary award speculative but considering the medical testimony of the probability of control of the disease an award of $15,000 seems warranted, together with the proven special damages of $959. Judgment and order reversed, on the law and the facts, and a new trial ordered, with costs to abide the event unless, within 20 days after the service of a copy of the order to be entered hereon, respondent shall stipulate to reduce the verdict to $15,959 with interest, in which event judgment as reduced affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.